**FILED UNDER SEAL**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| JOSTENS, INC. | § § | |
| v. | § § | Case No. _____ |
| JERRY DEAN HAMMONS, JR. | § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff, Jostens, Inc. ("*Plaintiff*"), files this Original Complaint against Jerry Dean Hammons, Jr. ("*Defendant*"), a former employee who stole property from Plaintiff, as follows:

### PARTIES

1. Plaintiff is a Minnesota corporation registered to do business in Texas with its principle place of business in Minneapolis, Minnesota.

2. Defendant is an individual who resides in Cooke County, Texas. He may be served with process at his residence at 401 Ame Dr., Apt. 2203, Denton, Texas 76207.

### JURISDICTION AND VENUE

3. Federal diversity jurisdiction exists pursuant to 28 U.S.C. § 1332. Plaintiff is a citizen of the State of Minnesota, Defendant is a citizen of the State of Texas, and the amount in controversy exceeds $75,000.

4. This Court has personal jurisdiction over Defendant because he is a citizen of the State of Texas.

**FILED UNDER SEAL**

5. Venue is proper in this District because all or a substantial part of the events giving rise to Plaintiff's claims occurred at Plaintiff's jewelry making facility that is located in this District.

## FACTUAL BACKGROUND

6. Plaintiff is a leading provider of products and services that commemorate special occasions, including class rings, caps and gowns, yearbooks, and other products for high schools and colleges, as well as championship rings for sports. Headquartered in Minneapolis, Plaintiff has operational offices across North America, including a ▇▇▇▇▇▇▇ facility in Denton, Texas, which is located in this District.

7. Until recently, Defendant was employed by Plaintiff at the Denton location, where he worked as a security guard covering the early morning shift. Plaintiff entrusted its security team, including Defendant, with the important job of protecting Plaintiff's assets. Unfortunately, Plaintiff's trust in Defendant was misplaced.

8. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

**FILED UNDER SEAL**

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓.

9.  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. ▓▓▓▓

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓.

10. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓.

**FILED UNDER SEAL**

11. ███████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

████████████████████████████████████.

12. ███████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

██ ██ ████████████ █ ██ ████ ████ ████ ██

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

████████████████████████████.

13. Defendant has filed bankruptcy twice, a Chapter 7 proceeding in 1998 in which he was granted a no-asset discharge and a Chapter 13 proceeding in 2016 in which he scheduled assets of only $39,368, debts of more than $50,000, and an annual

FILED UNDER SEAL

income of approximately $71,000 between him and his wife.[1]  Given the modest salary that Plaintiff has paid Defendant over the years, coupled with the fact that none of the foregoing property was scheduled as an asset in Defendant's Chapter 13 bankruptcy proceeding in 2016, the property was, upon information and belief, paid for with the proceeds of Defendant's theft of property from Plaintiff.

## CAUSES OF ACTION

### Count One – Civil Theft in Violation of the Texas Theft Liability Act

14. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

15. Plaintiff owned property, including ▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒.

16. Defendant unlawfully appropriated Plaintiff's property by taking it without Plaintiff's effective consent.

17. Defendant appropriated the property with the intent to deprive Plaintiff of the property.

18. Plaintiff sustained damages as a result in excess of the minimum jurisdictional limits of this Court.

19. Plaintiff seeks to recover actual damages in excess of the minimum jurisdictional limits of this Court, additional statutory damages under Section 134.005(a) of the Texas Civil Practice and Remedies Code, exemplary damages, prejudgment and

---

[1] The Chapter 13 proceeding was dismissed due to Defendant's failure to file a declaration for electronic filing.

postjudgment interest, costs of court, and reasonable and necessary attorneys' fees under Section 134.005(b) of the Texas Civil Practice and Remedies Code.

## Count Two – Breach of Fiduciary Duty

20. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

21. Plaintiff and Defendant had a fiduciary relationship as employer and employee, respectively, particularly since Plaintiff placed Defendant in a position of particular trust and confidence as a security guard.

22. Defendant failed to act in Plaintiff's best interest, thereby breaching his fiduciary duty to Plaintiff, including the duty of loyalty and utmost good faith, duty of candor, duty to refrain from self-dealing, duty to act with integrity of the strictest kind, duty of full disclosure, and duty of fair, honest dealing.

23. Defendant's breach of his fiduciary duty proximately caused an injury to Plaintiff and resulted in a benefit to Defendant, and Defendant should not be permitted to retain the benefits he acquired from his breaches of fiduciary duty.

24. Plaintiff seeks to recover actual damages in excess of the minimum jurisdictional limits of this Court, including out-of-pocket losses and lost profits, exemplary damages, prejudgment and postjudgment interest, and costs of court. Plaintiff also seeks equitable relief, including injunctive relief as requested below, a constructive trust on the proceeds, funds, or property obtained by Defendant as a result

FILED UNDER SEAL

of his breach of fiduciary duty, and disgorgement of all profits obtained by Defendant as a result of his breach of fiduciary duty.

### Count Three – Conversion

25. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

26. Plaintiff owned, legally possessed, or had a right to immediate possession of personal property, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓.

27. Defendant wrongfully exercise dominion and control over the property in a manner inconsistent with Plaintiff's rights by taking the property without Plaintiff's consent from Plaintiff as described above.

28. Plaintiff suffered injury as a result of Defendant's conversion of Plaintiff's property.

29. Plaintiff seeks to recover actual damages in excess of the minimum jurisdictional limits of this Court, including loss-of-value damages for all property that has not been returned to Plaintiff and loss-of-use damages for any property that was recovered by the police and returned to Plaintiff, consequential damages including lost profits, exemplary damages, prejudgment and postjudgment interest, and costs of court.  Plaintiff also seeks equitable relief, including injunctive relief as requested below.

### JURY DEMAND

30. Plaintiff requests a jury trial on all issues so triable.

**FILED UNDER SEAL**

**PRAYER FOR RELIEF**

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays for the following relief:

a. actual, consequential, and exemplary damages in an amount to be determined at trial;

b. pre-judgment interest as provided by law;

c. post-judgment interest as provided by law;

d. reasonable and necessary attorneys' fees in prosecuting Plaintiff's claims through trial and, if necessary, through appeal;

e. all costs of suit; and

f. such other and further relief, at law or in equity, to which Plaintiff may be justly entitled.

Dated: March 18, 2020.

Respectfully submitted,

/s/ Brian Vanderwoude
J. Brian Vanderwoude
Texas Bar No. 24047558
**DORSEY & WHITNEY LLP**
300 Crescent Court, Suite 400
Dallas, Texas 75201
(214) 981-9900 Phone
(214) 981-9901 Facsimile
vanderwoude.brian@dorsey.com

**ATTORNEYS FOR PLAINTIFF JOSTENS, INC.**

**FILED UNDER SEAL**

**CERTIFICATION**

Pursuant to Local Rule CV 5(a)(7)(b), I hereby certify that a motion to seal this document has been filed.

*/s/ Brian Vanderwoude*
J. Brian Vanderwoude
