# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| JOSTENS, INC., | § § | |
| Plaintiff | § § | Civil Action No. 4:20-cv-00225 |
| | § | Judge Mazzant |
| v. | § § | |
| JERRY DEAN HAMMONS, JR. and SANDRA LOUISE ARNOLD HAMMONS, | § § § § | |
| Defendant | § § § | |

## **MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendant's Motion to Abate Civil Case Pending Resolution of Criminal Case (Dkt. #45). Having considered the motion and the relevant pleadings, the Court finds the Motion should be **DENIED**.

### BACKGROUND

This case is about the theft of gold rings from the jewelry making facility Jostens, Inc. by Jerry Hammons, Jr. (Dkt. # 45).

On March 18, 2020, Plaintiff filed this civil suit against Defendant (Dkt. #1). On January 6, 2021, Defendant filed a motion to abate this case pending resolution of a to-be-filed criminal case (Dkt. #45). On January 20, 2021, Plaintiff responded (Dkt. #46).

### LEGAL STANDARD

A district court has discretion to stay any case in the interest of justice. *United States v. Kordel*, 397 U.S. 1, 12 n. 27 (1970). However, there is no "general federal constitutional, statutory, or common law rule barring the simultaneous prosecution of separate civil and criminal actions." *S.E.C. & Exch. Comm'n v. First Fin. Grp. of Texas, Inc.*, 659 F.2d 660, 666 (5th Cir. 1981). In

fact, simultaneous prosecutions of civil and criminal actions are "generally unobjectionable." *Standard Sanitary Manufacturing Co. v. United States*, 226 U.S. 20, 52 (1912).  Though a stay may be appropriate in some cases to avoid prejudicing the defendant, "in others it may be preferable for the civil suit to proceed unstayed." *Campbell v. Eastland*, 307 F.2d 478, 487 (5th Cir. 1962).

A stay is only warranted where "special circumstances" exist to prevent a party from suffering substantial and irreparable prejudice. *United States v. Little Al*, 712 F.2d 133, 136 (5th Cir. 1983).  Courts consider six factors to determine if "special circumstances" exist: (1) the overlap between issues in the criminal and civil cases; (2) the status of the criminal case; (3) the interest of the plaintiff to proceed expeditiously and prejudice of a delay to plaintiff; (4) the interest of and burden on the defendant; (5) the interests of the courts; and (6) the public interest. *Alcala v. Tex. Webb Cty.*, 625 F. Supp. 2d 391, 399 (S.D. Tex. 2009) (collecting district court cases within the Fifth Circuit applying this test).  The party seeking a stay bears the burden of justifying the delay. *Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 545 (5th Cir. 1983).

## ANALYSIS

Defendant asks the Court to abate the civil case pending resolution of a criminal case on the matter (Dkt. #45).[1]  Defendant argues continuing with the civil case would cause substantial and irreparable prejudice in the criminal case.  Plaintiff disagrees and argues that no special circumstances exist warranting abatement because there is no active criminal case (Dkt. #46).

Weighing the six factors utilized by Courts when determining if "special circumstances" exist, no active criminal case exists, Plaintiff has a significant interest in resolving the civil case,

---

[1] There is no active criminal case.  Defendant alleges the District Attorney's Office is waiting for the Plaintiff to determine the amount Defendant allegedly stole before bringing criminal charges.  But, absent an active criminal case, Defendant effectively requests an indefinite abatement.

2

the delay would not burden Defendant, and both the Court and public have an interest in a speedy trial. The Court therefore finds the motion should be denied.

### I. Overlap

The Court must consider whether the overlap of issues between the civil case and criminal case supports abatement. Defendant argues the Court should abate the civil case because the civil case and criminal case have identical issues. Plaintiff asserts there is no overlap warranting abatement because Defendant has not yet been indicted.

The Court finds there are no overlapping issues because there is no active criminal case. Prior to an indictment, whether the issues overlap is a "matter of speculation" and courts generally disfavor abatement. *See Alcala v. Texas Webb County*, 625 F.Supp.2d 391, 401 (S.D. Tex. 2009) (citing *United States ex rel. Shank v. Lewis Enters., Inc.*, No. 04-cv-4105-JPG, 2006 WL 1064072, at *4 (S.D.Ill. Apr. 21, 2006)). This civil case involves the theft of jewelry from Plaintiff, specifically: (1) civil theft in violation of the Texas Theft Liability Act; and (2) breach of fiduciary duty (Dkt. #45 at p. 1). But authorities have not brought any criminal charges in the eleven months since Defendant's arrest. Defendant argues "the issues in the criminal case and the civil case are identical," but does not provide further explanation (Dkt. #45 at p. 3). While Defendant may face criminal charges at a later date, there is no active criminal case to overlap with the civil case.

Even assuming an active criminal case existed, the overlap would be minimal because Plaintiff is a private party—not the Government. The risk of overlap is generally reduced when there is no risk the Government is relying on the civil case to gain an advantage before bringing an indictment. *Alcala*, 625 F. Supp. 2d at 402. Here, Plaintiff's interest in recovering its stolen property is distinct from the Government's interest in enforcing criminal laws.

## II. Criminal Case Status

The Court next considers whether the status of the criminal case supports abatement. Defendant argues the Court should abate the civil case because a formal indictment is imminent. Plaintiff argues there is no active criminal case, and there is no basis to believe a criminal case will occur in the foreseeable future.

The Court finds the status of the criminal case weighs against abatement because there is no indictment. Further, it is speculative whether an indictment will occur in the future. Courts generally decline to abate a civil case where the defendant is still under criminal investigation and has not been indicted. *See, e.g.*, *Alcala*, 625 F.Supp.2d at 401; *In re CFS*, 256 F.Supp.2d 1227, 1237 (N.D. Okla. 2003).

Defendant cites *United States v. Little Al* to support the proposition that, even if there is no indictment, courts usually stay a civil proceeding "during the pendency of a parallel criminal proceeding." 172 F.2d 133, 136 (5th Cir. 1983). But *Little Al* involves a pending criminal appeal post-conviction—not a speculative criminal case without an indictment. *Id.* at 134. Here, Defendant was arrested on March 5, 2020, and Plaintiff filed this civil case on March 18, 2020 (Dkt. #45 at p. 2). An indictment has not been brought in the eleven months since his arrest. There is no active criminal case, and the facts do not indicate one is imminent.

## III. Plaintiff's Interest

The Court also considers whether Plaintiff's interest supports abatement. Defendant argues Plaintiff will not suffer prejudice by abating the civil case because Plaintiff could receive equal restitution from the criminal case. Plaintiff argues abatement will prejudice its ability to present an effective case by delaying the discovery and hindering the preservation of evidence. Plaintiff also argues that, at minimum, it should be allowed to begin discovery of non-compelled testimonial

matters.

The Court finds Plaintiff's interest in a speedy trial, preserving evidence, and recovering from the theft weighs against abatement. Generally, a "civil plaintiff has an interest in the prompt resolution of his claims." *S.E.C. v. Mutuals.com, Inc.*, No. 3:03-CV-2912-D, 2004 WL 1629929, at *3 (N.D. Tex. July 20, 2004). The Court finds that this interest includes obtaining discovery—especially when evidence may fade and frustrate the ability to present an effective case in the future.

Defendant argues Plaintiff could recover restitution from the criminal case, so the civil case is unimportant. However, there is no indication when, or if, an indictment will ever be brought. Plaintiff also has an interest in discovering the existence of an alleged middleperson involved in the theft before the statute of limitations expires on its claim. At minimum, Plaintiff has an interest in proceeding with discovery of non-compelled testimonial evidence from Defendant and nonparties.

Discovery issues are better addressed as they arise, not by speculating whether they will arise in the future. As Plaintiff has a significant interest in pursuing the civil case, this factor weighs heavily against abatement.

### IV. Defendant's Interest

The Court next considers whether Defendant's interest supports abatement. Defendant argues it will be burdensome to defend the civil case during the pendency of the criminal case. Plaintiff's argument is twofold: (1) Defendant's statement is conclusory and insufficient to meet the burden of proof; and (2) any threat to Defendant's Fifth Amendment rights is better addressed when the threat arises.

The Court finds continuing the civil case would not significantly burden Defendant. Under

*In re Ramu Corp.*, asserting prejudice "requires more than the mere possibility of prejudice" because depriving claimants of property without a hearing for an extended time "is an extremely harsh consequence." 902 F.3d 312, 320 (5th Cir. 1990). Here, Defendant does not provide any facts indicating what burden they would suffer if the civil case moved forward. Further, there is no active criminal case and any future case is speculative. As a compromise, Plaintiff agrees a protective order may be useful to narrow the range of discovery and protect Defendant's Fifth Amendment rights.

As Defendant does not provide argument on how abatement is necessary to prevent prejudice, and Plaintiff is amendable to a protective order in the future, Defendant's interest weighs against abatement.

### V. Court's Interest

The Court further considers whether its own interest supports abatement. Defendant argues the Court only has a limited interest because abatement would be limited to the conclusion of the criminal case. Plaintiff argues the Court has an interest in speedy resolution of the case.

The Court finds the judicial interest in a speedy resolution of the case weighs against abatement. Courts have a "strong interest in moving matters expeditiously through the judicial system." *SEC v. Kiselak Capital Grp., LLC*, No. 4:09–CV–256–A, 2011 WL 4398443, at *4 (N.D. Tex. Sept. 20, 2011). Defendant's argument that no harm exists because the abatement is only temporary is unpersuasive. The civil case is eleven months old, and there is no indication when or if Defendant will be indicted. Though resolution of the criminal case may streamline the civil litigation, abating the civil case risks leaving it stalled indefinitely.

As the Court has an interest in managing its docket and expeditiously resolving cases, the Court's interest weighs heavily against abatement.

## VI.     Public's Interest

Lastly, the Court considers whether the public's interest supports abatement. Defendant argues the public has no interest in the case because it is less than one year old. Plaintiff argues that, analogous to the Court, the public has an interest in speedy resolution of the case.

The Court finds the public interest weighs against abatement because the public does have an interest in a speedy trial. Even though the case is in its early stages, the public still has an interest in a prompt resolution of the dispute. *See SEC v. Kiselak Capital Grp., LLC*, No. 4:09–CV–256–A, 2011 WL 4398443, (N.D. Tex. Sept. 20, 2011) ("The public has an interest in the just and constitutional resolution of disputes with minimal delay."). While the public also has an interest in protecting constitutional rights, there is minimal risk to Defendant because there is no active criminal case and litigating this case would not be burdensome.

As the public does have an interest in a speedy trial, this factor weighs against abatement.

Balancing the foregoing factors, the Court finds there are no special circumstances warranting abatement. Plaintiff's interest, the Court's interest, the public's interest, and the status of the criminal case weigh heavily in favor of continuing the civil case. While a future criminal case may overlap with the civil case, and this overlap may burden Defendant, there is currently no indictment and it is uncertain if one will be brought in the future.

## CONCLUSION

As Defendant did not demonstrate how this civil case presents special circumstances, the case should proceed. It is therefore **ORDERED** that Defendant's Motion to Abate Civil Case Pending Resolution of Criminal Case (Dkt. #45) is hereby **DENIED**.

**SIGNED** this 25th day of February, 2021.

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE