# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| JOSTENS, INC., | § | |
| *Plaintiff*, | § § § | |
| v. | § § § | CIVIL ACTION NO. 4:20-CV-00225 Judge Mazzant |
| JERRY DEAN HAMMONS, JR. and SANDRA LOUISE ARNOLD HAMMONS, | § § § § | |
| *Defendants*. | § § | |

## **ORDER**

Pending before the Court is Plaintiff's Motion for Show Cause Hearing to Hold Defendant in Contempt (Dkt. #58). Having considered the motion and the relevant pleadings, the Court finds that Plaintiff's motion should be **GRANTED**.

This case arises out of Plaintiff's allegations of civil theft, breach of fiduciary duty, and conversion against Defendant Jerry Dean Hammons, Jr. Defendant denies these allegations. On April 16, 2020, the Court granted Plaintiff's request for a preliminary injunction (Dkt. #13). The relevant portion of the Court's Order states as follows:

> Defendant and his agents, servants, employees, and attorneys, and all other persons in active concert or participation with him who receive actual notice of this order by personal service or otherwise, are hereby enjoined from: (a) assigning, conveying, transferring, encumbering, dissipating, concealing, or otherwise disposing of any assets, moneys, or other property in Defendant's name or under his control . . . (b) accessing any amounts on deposit in Defendant's name with any bank or other financial institution unless Defendant shows the Court that he has sufficient funds or assets to satisfy all claims arising from the violations alleged in the Application and posts a bond or surety sufficient to assure payment of any such claim, excepting funds that Defendant shows the Court are for necessities . . . and on or before April 23, 2020 or seven (7) days after service of this Order, Defendant shall make an interim accounting, under oath, detailing by date, amount, method and location of transfer, payee, payor, and purpose of payment or transfer of . . . all accounts with any bank, brokerage house, or other financial institution maintained

>by or for the Defendant at any point during the period from January 1, 2016, to the present"

(Dkt. #13 at pp. 10–11).

Also relevant to the present case, on January 27, 2021 the Court entered a discovery order requiring Defendant to produce "statements from any savings, checking deposit, brokerage or other accounts Defendant has maintained from April 2016 to present" (Dkt. #47 at p. 7) (alteration and quotations omitted). The Court required production of the documents after determining Defendant had no valid Fifth Amendment privilege over the contents of the records.

On April 8, 2021, Plaintiff filed its Motion for Show Cause Hearing to Hold Defendant in Contempt (Dkt. #58). On May 14, 2021, Defendant filed a response (Dkt. #60). On May 17, 2021, Plaintiff filed a reply (Dkt. #62).

In the Motion, Plaintiff alleges that Defendant violated both the preliminary injunction and the Court's discovery order. Specifically, Plaintiff asserts that Defendant: (1) "has not provided an interim accounting, under oath, detailing all of his current assets and liabilities an all accounts with any bank, brokerage house, or other financial institution, maintained by or for him at any point during the period from January 1, 2016, to the present[;]" (2) "has been accessing funds on deposit at First United Bank without the requisite showing to the Court that he has sufficient funds or assets to satisfy [Plaintiff's] claims in the lawsuit and without posting a bond or surety sufficient to assure payment of any such claim[;]" and (3) "has violated the Court's order on [Plaintiff's] motion to compel (Dkt. #47) by failing to produce all monthly or other periodic statements from all savings, checking, deposit, brokerage, or other accounts he has maintained from April 2016 to the present" (Dkt. #58 at pp. 1–2).

Defendant responds that he "did not simply ignore the Court's order" because he "did not fully understand the details of the order" (Dkt. #60 at p. 1). Further, Defendant claims that the

documentation—including both an interim accounting and "all financial records regarding Defendant" have been provided to Plaintiff. Plaintiff disputes that any documents, as relevant to this action, were received.

After considering the Motion, and relevant pleadings, the Court hereby **GRANTS** the Motion. It is therefore **ORDERED** that Defendant shall appear in person **on June 30, 2021, at 3:30 p.m.** at the U.S. Courthouse and Federal Building, 101 E. Pecan Street, Sherman, Texas 75090, to show cause as to why he should not be held in civil contempt for violation of this Court's April 16, 2020 Preliminary Injunction Order (Dkt. #13) and this Court's January 27, 2021 Discovery Order (Dkt. #47).

**IT IS SO ORDERED**.

SIGNED this 10th day of June, 2021.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE