# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| JOSTENS, INC., § <br> § <br> *Plaintiff*, § <br> § <br> v. § <br> § <br> JERRY DEAN HAMMONS, JR. and § <br> SANDRA LOUISE ARNOLD HAMMONS, § <br> § <br> *Defendants*. § <br> § | **CIVIL ACTION NO. 4:20-CV-00225** <br> **JUDGE MAZZANT** |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiff's Renewed Motion For Contempt Against Jerry Hammons And Motion For Sanctions Against Sandra Hammons (Dkt. #80). Having considered the motion, the response, and the parties' arguments at the show cause hearing, the Court finds the motion should be **DENIED**.

### BACKGROUND

This case arises out of Plaintiff's allegations of civil theft, breach of fiduciary duty, and conversion against Defendant Jerry Dean Hammons, Jr. ("Mr. Hammons"). On April 16, 2020, the Court granted Plaintiff's request for a preliminary injunction (Dkt. #13). The relevant portion of the Court's Order states as follows:

> Defendant and his agents, servants, employees, and attorneys, and all other persons in active concert or participation with him who receive actual notice of this order by personal service or otherwise, are hereby enjoined from: (a) assigning, conveying, transferring, encumbering, dissipating, concealing, or otherwise disposing of any assets, moneys, or other property in Defendant's name or under his control . . . (b) accessing any amounts on deposit in Defendant's name with any bank or other financial institution unless Defendant shows the Court that he has sufficient funds or assets to satisfy all claims arising from the violations alleged in the Application and posts a bond or surety sufficient to assure payment of any such claim, excepting funds that Defendant shows the Court are for necessities . . . and on or before April 23, 2020 or seven (7) days after service of this Order, Defendant

> shall make an interim accounting, under oath, detailing by date, amount, method and location of transfer, payee, payor, and purpose of payment or transfer of . . . all accounts with any bank, brokerage house, or other financial institution maintained by or for the Defendant at any point during the period from January 1, 2016, to the present"

(Dkt. #13 at pp. 10–11).

Also relevant to the present case, on January 27, 2021 the Court entered a discovery order requiring Mr. Hammons to produce "statements from any savings, checking deposit, brokerage or other accounts [he] has maintained from April 2016 to present" (Dkt. #47 at p. 7) (alteration and quotations omitted). The Court required production of the documents after determining Mr. Hammons had no valid Fifth Amendment privilege over the contents of the records.

On April 8, 2021, Plaintiff filed its Motion for Show Cause Hearing to Hold Defendant in Contempt (Dkt. #58). On May 14, 2021, Mr. Hammons filed a response (Dkt. #60). On May 17, 2021, Plaintiff filed a reply (Dkt. #62).

In the motion, Plaintiff alleged that Mr. Hammons violated both the preliminary injunction and the Court's discovery order. Specifically, Plaintiff asserted that Mr. Hammons: (1) "ha[d] not provided an interim accounting, under oath, detailing all of his current assets and liabilities an all accounts with any bank, brokerage house, or other financial institution, maintained by or for him at any point during the period from January 1, 2016, to the present"; (2) "ha[d] been accessing funds on deposit at First United Bank without the requisite showing to the Court that he has sufficient funds or assets to satisfy [Plaintiff's] claims in the lawsuit and without posting a bond or surety sufficient to assure payment of any such claim"; and (3) "ha[d] violated the Court's order on [Plaintiff's] motion to compel (Dkt. #47) by failing to produce all monthly or other periodic statements from all savings, checking, deposit, brokerage, or other accounts he has maintained from April 2016 to the present" (Dkt. #58 at pp. 1–2). Mr. Hammons responded that he "did not

simply ignore the Court's order"—rather he "did not fully understand the details of the order" (Dkt. #60 at p. 1).

The Court granted the motion and held the show cause hearing on August 25, 2021. At the hearing, the Court determined that Mr. Hammons had violated the preliminary injunction by failing to submit accounting for all of his transactions. The Court, in lieu of holding him in contempt, ordered that Mr. Hammons provide Plaintiff with an interim accounting of his assets, liabilities, and bank accounts during the period from April 2016 to the present, as well as bank statements for all accounts that Mr. Hammons currently maintains or had maintained since April 29, 2016. The Court warned Mr. Hammons that if he failed to comply, the Court would send him to jail, freeze his assets completely, or appoint a receivership.[1]

Then, on October 25, 2021, Plaintiff filed the present motion indicating that Mr. Hammons had yet again failed to comply and asking this Court to hold him in contempt (Dkt. #80). Plaintiff also requested the Court sanction Co-Defendant Sandra Arnold Hammons ("Ms. Hammons") for discovery abuse. Ms. Hammons filed her response on October 26, 2021 (Dkt. #81). The Court held another show cause hearing on November 10, 2021 (the "Hearing"). Shortly after, Mr. Hammons filed his response (Dkt. 88).

## LEGAL STANDARD

### I. Civil Contempt

A court may enforce its orders through civil contempt, which is intended to compel obedience to a court order. *See In re Bradley*, 588 F.3d 254, 263 (5th Cir. 2009) ("If the purpose of the sanction is to punish the contemnor and vindicate the authority of the court, the order is

---

[1] As Plaintiff correctly states in the present motion, "[p]er the Court's instructions, the parties submitted a proposed order that was consistent with the Court's oral pronouncements from the bench. The order was approved as to form by both sides," but the Court did not sign the order until November 10, 2021 due to administrative oversight (*see* Dkt. #90).

3

viewed as criminal. If the purpose of the sanction is to coerce the contemnor into compliance with a court order, or to compensate another party for the contemnor's violation, the order is considered purely civil.").

"A party commits contempt when he violates a definite and specific order of the court requiring him to perform or refrain from performing a particular act or acts with knowledge of the court's order." *SEC v. First Fin. Grp. of Tex., Inc.*, 659 F.2d 660, 669 (5th Cir. 1981). In a civil contempt proceeding, the movant bears the burden of establishing the elements of contempt by clear and convincing evidence. *SEC v. Res. Dev. Int'l LLC*, 217 F. App'x 296, 298 (5th Cir. 2007) (citing *Petroleos Mexicanos v. Crawford Enter., Inc.*, 826 F.2d 392, 401 (5th Cir. 1987)). "Clear and convincing evidence is that weight of proof which produces in the mind of the trier of fact a firm belief or conviction . . . so clear, direct and weighty and convincing as to enable the fact finder to come to a clear conviction, without hesitancy, of the truth of the precise facts of the case." *Shafer v. Army & Air Force Exch. Serv.*, 376 F.3d 386, 396 (5th Cir. 2004).

The movant must prove by clear and convincing evidence that: (1) a court order is or was in effect; (2) the order requires certain conduct; and (3) the opposing party fails to comply with the court order. *See Martin v. Trinity Indus., Inc.*, 959 F.2d 45, 47 (5th Cir. 1992). These elements form the plaintiff's prima facie case. *Petroleos*, 826 F.2d at 401. "After the movant has shown a prima facie case, the respondent can defend against it by showing a present inability to comply with the subpoena or order." *Id.* "Good faith is not a defense to civil contempt; the question is whether the alleged contemnor complied with the court's order." *Chao v. Transocean Offshore, Inc.*, 276 F.3d 725, 728 (5th Cir. 2002); *see N.L.R.B. v. Trailways, Inc.*, 729 F.2d 1013, 1017 (5th Cir. 1984). Further, "[s]ubstantial compliance" is not a defense to a contempt motion. *Maness v. Meyers*, 419 U.S. 449, 458 (1975)

"Upon a finding of civil contempt, the [c]ourt has broad discretion to impose judicial sanctions that would coerce compliance with its orders and compensate the moving party for any losses sustained." *Mary Kay Inc. v. Designs by Deanna, Inc.*, 2013 WL 6246486, at *4 (N.D. Tex 2013) (citing *Am. Airlines, Inc. v. Allied Pilots Ass'n*, 228 F.3d 574, 585 (5th Cir. 2000)).

## II. Rule 37 Sanctions

Federal Rule of Civil Procedure 37 authorizes sanctions for failure to comply with discovery orders. FED. R. CIV. P. 37. Rule 37(d) specifically "addresses sanctions for failing to answer interrogatories or to respond to requests for production." *Coane v. Ferrara Pan Candy Co.*, 898 F.2d 1030, 1032, n.1 (5th Cir. 1990) "A failure to provide discovery need not be willful in order to trigger Rule 37(d) sanctions." *Id.* at 1032. Further, Rule 37(d) has been interpreted to encompass responses which are [so] evasive or misleading" they should be treated as a failure to answer. *Id.* at n.1 (citing *Basch v. Westinghouse Elec. Corp.*, 777 F.2d 165 (4th Cir. 1985)); *see also Moody v. Schwartz*, 97 F.R.D. 741, 742 (S.D. Tex. 1983).

This Court's Local Rules impose specific procedural requirements regarding discovery disputes. In the event the parties encounter a discovery dispute, Local Rule CV-7(h) requires parties fulfill the "meet and confer" requirement before filing any motions to compel. Then, if the parties are unable to resolve the dispute without court intervention, the parties must call the Court's chambers to schedule a telephone conference regarding the subject matter of the dispute prior to filing any motion to compel.

## ANALYSIS

### I.   Civil Contempt: Mr. Hammons

Plaintiff requests this Court hold Mr. Hammons in contempt because he has not complied with the Court's prior orders. Specifically, Plaintiff claims Mr. Hammons provided some

documentation but that it "omitted material information" (Dkt. #80 at p. 4). Further, Mr. Hammons "failed to produce certain responsive bank statements" (Dkt. #80 at p. 4).

At the Hearing, counsel for Mr. Hammons explained that Mr. Hammons had delivered the bank records in question to his counsel but that his counsel never scanned the documents into their system. This oversight, counsel claims, prevented counsel from supplementing the documents into discovery. Counsel now claims the documents have been supplemented. Mr. Hammons' counsel recounted the same explanation in a written response to Plaintiff's present motion (Dkt. #88).

Plaintiff has shown by clear and convincing evidence that: (1) a court order is in effect; (2) the order requires certain conduct; and (3) Mr. Hammons has failed to comply with the court order. *See Martin v. Trinity Indus., Inc.*, 959 F.2d 45, 47 (5th Cir. 1992). Mr. Hammons, however, has not shown "a present inability to comply with the subpoena or order." *Id.* Though his counsel takes the blame for the non-compliance, "[g]ood faith is not a defense to civil contempt; the question is whether the alleged contemnor complied with the court's order." *Chao v. Transocean Offshore, Inc.*, 276 F.3d 725, 728 (5th Cir. 2002). He has not.

Over a year and a half ago, the Court ordered Mr. Hammons to "make an interim accounting, under oath, detailing by date, amount, method and location of transfer, payee, payor, and purpose of payment or transfer of . . . all accounts with any bank, brokerage house, or other financial institution maintained by [him] or for [him]" (Dkt. #13 at pp. 10–11). Because of Mr. Hammons disregard for such order, Plaintiff has repeatedly been burdened with subpoenaing Mr. Hammons' financial institutions for these records—all to ensure it can later recover the proceeds of its losses stemming from Mr. Hammons alleged misconduct.

The Court grows frustrated with Mr. Hammons' repeated non-compliance with this Court's orders. But because Mr. Hammons' counsel seems to be the cause of the non-compliance at this

point, the Court will clarify its orders one last time. This is the final warning before the Court will take serious measures against Mr. Hammons for such contempt, regardless of his counsel's intervening actions or failures to act.

## II. Rule 37 Sanctions: Ms. Hammons

Additionally, Plaintiff asserts Ms. Hammons has abused the discovery process (Dkt. #80 at p. 5). Specifically, Plaintiff argues Ms. Hammons was "less than forthcoming" because she claimed "she did not have any responsive bank statements in her possession, custody, or control" but that she "easily could have requested copies of the statements from the Bank" (Dkt. #80 at pp. 5–6). Later, Ms. Hammons "indicated that she was refusing to produce statements from" at least one of the accounts "because she did not deem statements from her accounts to be relevant to [Plaintiff's] claims" (Dkt. #80 at p. 7). This, Plaintiff argues, rendered Ms. Hammons' "response to [the] request for production so misleading and evasive that it amounts to no response at all" (Dkt. #80 at p. 7).

Ms. Hammons responds with two arguments. First, she contends Plaintiff filed this motion for sanctions even though it already received these bank statements from either Mr. Hammons or through a subpoena to her financial institutions (Dkt. #81 at pp. 1–2). For this, Ms. Hammons claims "[t]here is no need for [her] to reproduce bank statements that [Plaintiff] has received" (Dkt. #81 at p. 2). Second, Ms. Hammons asserts that sanctions are not available to Plaintiff because Plaintiff circumvented this Court's Local Rules regarding discovery disputes. Ms. Hammons states Plaintiff "never filed a motion to compel against [her]. Instead, it elected to skip the chambers call, skip filing a motion to compel and proceed by filing a motion for sanctions" thereby "violat[ing] the spirit, if not the letter, of the Scheduling Order" (Dkt. #81 at p. 3).

The Court imposes its Local Rules regarding discovery disputes to facilitate the discovery process, maintain efficiency, and promote cooperation among the parties. The Court recognizes the difficulties the parties have faced in communicating with each other but advises Plaintiff to adhere to Local Rule CV-7(h) before filing a motion for sanctions. Because Plaintiff skipped steps in the Court's designated procedures, the Court will not impose sanctions against Ms. Hammons at this juncture.

## CONCLUSION

For the foregoing reasons, Plaintiff's Renewed Motion For Contempt Against Jerry Hammons And Motion For Sanctions Against Sandra Hammons (Dkt. #80) is **DENIED.**

In lieu of holding Mr. Hammons in contempt, it is hereby **ORDERED** that on or before December 13, 2021, Mr. Hammons shall provide Plaintiff with:

i. an interim accounting, under oath, detailing all of his assets and liabilities at any point during the period from January 1, 2016, to the present and all accounts with any bank, brokerage house, or other financial institution maintained by or for Mr. Hammons at any point during the period from January 1, 2016, to the present; and

ii. to the extent not already produced, all monthly, quarterly, or other periodic statements from any savings, checking, deposit, brokerage or other accounts that Mr. Hammons currently maintains, or that have been maintained by Mr. Hammons and/or on Mr. Hammons' behalf since April 29, 2016, including any and all accounts that he may hold or may have held jointly with another person.

It is further **ORDERED** that the interim accounting and statements described in (i) and (ii) shall resemble the bankruptcy schedule in Plaintiff's Exhibit 7 in Dkt. #89. Such accounting and statements shall disclose all of Mr. Hammons' assets and liabilities at any point during the period from January 1, 2016 including but not limited to real property, vehicles, personal and household items, and all financial assets. It shall describe such property and assets in accordance with the aforementioned bankruptcy schedule (Dkt. #89, Exhibit #7).

It is further **ORDERED** that effective immediately, Mr. Hammons is hereby enjoined and prohibited from:

    i.    transferring, liquidating, converting, selling, loaning, pledging, assigning, granting a lien or security interest or other interest in, concealing, dissipating, spending, gambling, withdrawing, or otherwise disposing of, or assisting others in transferring, liquidating, converting, selling, loaning, pledging, assigning, granting a lien or security interest or other interest in, concealing, dissipating, spending, gambling, withdrawing, or otherwise disposing of, any personal or business assets, now existing or hereinafter acquired, including but not limited to real and/or personal property, "goods", "equipment," "fixtures", "general intangibles," "inventory," "checks", "notes", "instruments" (as these terms are defined in the Uniform Commercial Code), lines of credit, chattels, leaseholds, contracts, mail or other deliveries, shares of stock, accounts, credits, premises, receivables, funds, and cash (collectively, "Assets"), wherever located, that are owned, controlled, held by, in whole or in part, for the benefit of, or subject to access by, or belonging to Mr. Hammons, in the actual or constructive possession of Mr. Hammons, or in the actual or constructive possession of, or owned, controlled, or held by, or subject to access by, or belonging to, any business organization, trust, partnership, or other entity directly or indirectly owned, managed, or controlled by or under common control with Mr. Hammons, including, but not limited to, any Assets held by or for Mr. Hammons in any account at any bank or savings and loan institution, or with any precious metal dealer, mobile payment application, credit card processing agent, automated clearing house processor, network transaction processor, bank debit processing agent, customer service agent, commercial mail receiving agency, or mail holding or forwarding company, or any credit union, retirement fund custodian, money market or mutual fund, storage company, trustee, or with any broker-dealer, escrow agent, title company, commodity trading company, or other financial institution or depository of any kind, without the prior written consent of Plaintiff or court approval;

    ii.    opening or causing to be opened any safety deposit boxes, safe, vault, commercial mailboxes, or storage facilities titled in Mr. Hammons' name, or subject to access by Mr. Hammons or under Mr. Hammons' control, without providing Plaintiffs' attorneys prior notice and an opportunity to inspect the contents in order to determine that they contain no Assets covered by this Order;

    iii.    cashing any checks without the prior written consent of Plaintiff or court approval;

    iv.    incurring charges or cash advances on any debit or credit card issued in the name of Mr. Hammons without the prior written consent of Plaintiff or court approval; and

    v.    incurring liens or encumbrances on real property, personal property, or other assets in the name, singly or jointly, of Mr. Hammons and/or any corporation, partnership, or other entity directly or indirectly owned, managed, or controlled by Mr. Hammons.

It is further **ORDERED** that on an ongoing basis until trial, Mr. Hammons shall provide Plaintiff with copies of all monthly, quarterly, or other periodic statements he receives from any savings, checking, deposit, brokerage or other accounts maintained by Mr. Hammons and/or on Mr. Hammons' behalf, including any and all accounts that he may hold jointly with another person. Mr. Hammons shall provide such documents to Plaintiff within five business days after his receipt of such statements.

Mr. Hammons is hereby warned by the Court that if he fails to comply with this Order, a receiver may be appointed to locate, marshal, and preserve his assets, accounts, and other property pending trial.

**IT IS SO ORDERED.**

SIGNED this 29th day of November, 2021.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE