# United States District Court

### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| JOSTENS, INC., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| | § | Civil Action No.  4:20-CV-00225 |
| v. | § | Judge Mazzant |
| | § | |
| JERRY DEAN HAMMONS, JR. and | § | |
| SANDRA LOUISE ARNOLD HAMMONS, | § | |
| | § | |
| *Defendants*. | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's Emergency Motion for Contempt Against Defendants (Dkt. #106). Having considered the motion and the relevant pleadings, the Court finds that the motion must be **DENIED**.

## BACKGROUND

The facts of this case have been more fully set forth in the Court's Memorandum Opinion and Order formalizing the Court's grant of the preliminary injunction against Defendant Jerry Dean Hammons ("Jerry") (Dkt. #13). Briefly, Plaintiff Jostens, Inc. ("Jostens") brought this action against Jerry, alleging he stole gold rings from Jostens' Denton, Texas location while employed there as a security guard. This Court granted Jostens' Motion for Temporary Restraining Order on March 19, 2020, and on April 16, 2020, the Court granted a preliminary injunction (the "asset-freeze injunction") against Jerry (Dkt. #13).

The asset-freeze injunction restricts Jerry "and his agents, servants, employees, and attorneys, and all other persons in active concert or participation with him who receive actual notice of this order by personal service or otherwise" from, among other things, "assigning,

conveying, transferring, encumbering, dissipating, concealing, or otherwise disposing of any assets, moneys, or other property in [Jerry's] name or under his control" (Dkt. #13 at p. 10).

On August 7, 2020, Jostens amended its complaint to add Sandra Hammons ("Sandra") as a party in this action (Dkt. #26). Since then, Jostens has filed three different motions to show cause, and the Court has held three show cause hearings. After the second show cause hearing, the Court denied Jostens' motion to hold Jerry in contempt, but notified Jerry that it would be "the final warning" (Dkt. #96). Most recently, on May 17, 2022, Jostens filed the present emergency motion against Jerry and Sandra, asserting they have placed a "For Sale" sign on their 1966 Ford Mustang (the "Mustang") and positioned the vehicle at a prominent spot in front of their home in Valley View, Texas. Jostens claims this attempt to sell the vehicle is a direct violation of the Court's assert-freeze injunction.

Both Jerry and Sandra responded on May 23, 2022 (Dkts. #111, 112). The Court held a hearing on May 24, 2022 (the "Hearing") to determine whether to hold Jerry or Sandra or both in contempt.

## LEGAL STANDARD

A court may enforce its orders through civil contempt, which is intended to compel obedience to a court order. *See In re Bradley*, 588 F.3d 254, 263 (5th Cir. 2009) ("If the purpose of the sanction is to punish the contemnor and vindicate the authority of the court, the order is viewed as criminal. If the purpose of the sanction is to coerce the contemnor into compliance with a court order, or to compensate another party for the contemnor's violation, the order is considered purely civil.").

"A party commits contempt when he violates a definite and specific order of the court requiring him to perform or refrain from performing a particular act or acts with knowledge of the

court's order." *SEC v. First Fin. Grp. of Tex., Inc.*, 659 F.2d 660, 669 (5th Cir. 1981). In a civil contempt proceeding, the movant bears the burden of establishing the elements of contempt by clear and convincing evidence. *SEC v. Res. Dev. Int'l LLC*, 217 F. App'x 296, 298 (5th Cir. 2007) (citing *Petroleos Mexicanos v. Crawford Enter., Inc.*, 826 F.2d 392, 401 (5th Cir. 1987)). "Clear and convincing evidence is that weight of proof which produces in the mind of the trier of fact a firm belief or conviction . . . so clear, direct and weighty and convincing as to enable the fact finder to come to a clear conviction, without hesitancy, of the truth of the precise facts of the case." *Shafer v. Army & Air Force Exch. Serv.*, 376 F.3d 386, 396 (5th Cir. 2004).

The movant must prove by clear and convincing evidence that: (1) a court order is or was in effect; (2) the order requires certain conduct; and (3) the opposing party fails to comply with the court order. *See Martin v. Trinity Indus., Inc.*, 959 F.2d 45, 47 (5th Cir. 1992). These elements form the plaintiff's prima facie case. *Petroleos*, 826 F.2d at 401. "After the movant has shown a prima facie case, the respondent can defend against it by showing a present inability to comply with the subpoena or order." *Id.* "Good faith is not a defense to civil contempt; the question is whether the alleged contemnor complied with the court's order." *Chao v. Transocean Offshore, Inc.*, 276 F.3d 725, 728 (5th Cir. 2002); *see N.L.R.B. v. Trailways, Inc.*, 729 F.2d 1013, 1017 (5th Cir. 1984). Further, "[s]ubstantial compliance" is not a defense to a contempt motion. *Maness v. Meyers*, 419 U.S. 449, 458 (1975)

"Upon a finding of civil contempt, the [c]ourt has broad discretion to impose judicial sanctions that would coerce compliance with its orders and compensate the moving party for any losses sustained." *Mary Kay Inc. v. Designs by Deanna, Inc.*, 2013 WL 6246486, at *4 (N.D. Tex. 2013) (citing *Am. Airlines, Inc. v. Allied Pilots Ass'n*, 228 F.3d 574, 585 (5th Cir. 2000)).

## ANALYSIS

Jostens contends that Jerry and Sandra are attempting to sell their 1966 Ford Mustang—an asset subject to the Court's freeze in the preliminary injunction. Jostens asserted in its emergency motion that Jerry "is in physical possession of both the vehicle itself and its certificate of title" (Dkt. #106 at p. 6). Further, Jostens maintains that Sandra is "in active concert or participation with" Jerry, rendering her subject to the Court's asset-freeze injunction as well.

Jerry responds that he is neither in possession of the vehicle in question nor its title. He asserts that he and Sandra have been separated since November 2019, and he does not live at the home in Valley View where the Mustang has been placed for sale. Further, Jerry maintains that he has never had possession or control of this vehicle and was unaware that Sandra was attempting to sell it. At the Hearing, Jostens acknowledged that Jerry was not in possession of the vehicle or its title. Jostens instead turned its focus to Sandra, reasserting its argument that she is "in active concert or participation with" Jerry and that the vehicle in question is community property subject to the asset-freeze injunction.

Sandra does not dispute that she is selling the 1966 Ford Mustang. At the Hearing, she informed the Court that the vehicle is still on the market. She also confirmed that the title is in her name, and she has been in possession of the vehicle since she first bought it in November 2019. Instead, Sandra contends she is not subject to the freeze because she is not named in the asset-freeze injunction, nor is she "in active concert or participation with" Jerry. For this reason, Sandra asserts she cannot be held in contempt.

Under Federal Rule of Civil Procedure 65(d), "[e]very order granting an injunction and every restraining order . . . is binding only upon the parties to the action, . . . and upon those persons in active concert or participation with them who receive actual notice of the order by

personal service or otherwise." *F.D.I.C. v. Faulkner*, 991 F.2d 262, 267 (5th Cir. 1993). For the reasons discussed below, the Court finds Jostens has not established by clear and convincing evidence that Jerry has violated the asset-freeze injunction order or that the asset-freeze injunction against Jerry is binding upon Sandra. The Court, therefore, may not hold either Jerry or Sandra in contempt.

First, Jostens has not met its burden of establishing by clear and convincing evidence that Jerry is in contempt of court. While Jostens has clearly shown that a Court order is in effect and requires certain conduct, it cannot show that Jerry failed to comply with the court order. *See Martin*, 959 F.2d at 47. Jostens produced no evidence that Jerry is or was ever in possession or control of the Mustang. To the contrary, Defendants produced evidence that Sandra is and always has been in possession of the Mustang and its title. Further, Jostens produced no evidence that Jerry lives at the Valley View home or that he has visited the property in recent years.

Second, Jostens has not met its burden of establishing by clear and convincing evidence that Sandra is in contempt of court. As mentioned, "[e]very order granting an injunction and every restraining order . . . is binding only upon the parties to the action, . . . and upon those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise." FED. R. CIV. PROC. 65(d). Sandra was not yet a "part[y] to the action" when the Court issued the asset-freeze injunction on April 16, 2020. Thus, the only avenue by which the asset-freeze injunction is binding against Sandra is if Sandra was "in active concert or participation with" Jerry in placing the Mustang on the market. Jostens must show this by clear and convincing evidence. It has not.

Again, Defendants produced evidence that Sandra is and always has been in possession of the Mustang and its title. Defendants also produced evidence that Sandra bought the Mustang after

she and Jerry had already separated and ceased living together. Jostens produced no evidence that Jerry lives at the Valley View home or that he has visited the property in recent years. Jostens did not show that Jerry knew about Sandra's plans to sell the Mustang. Jostens did not show that Defendants have been in communication about the Mustang whatsoever. Jostens did not show that Defendants have been in communication regarding any of the assets of which Jerry is prevented from "assigning, conveying, transferring, encumbering, dissipating, concealing, or otherwise disposing" (Dkt. #13 at p. 10).

Jostens' argument that the Mustang is community property—and therefore subject to the asset-freeze—initially struck the Court as persuasive. Jostens argued that, by definition, community property is "in [Jerry's] name or under his control" (Dkt. #13 at p. 10). The Mustang is community property because, although they are separated, Jerry and Sandra are still legally married, and the Mustang was bought during the lifetime of the marriage. But Jostens has offered no case law to support the community property argument, and the Court is unaware of any case law that would support it in this context.

To be sure, Jostens cites to *Faulkner*, 991 F.2d 262, for the proposition that "persons in active concert or participation" include spouses, "particularly where ownership or control of frozen assets is transferred to the" non-party spouse (Dkt. #106 at pp. 6–7). This is surely so when the plaintiff can present clear and convincing *evidence* to support that control was actually transferred. *Faulkner*, however, nor any case of which the Court is aware, supports the proposition that, as a matter of law, non-party spouses are always "persons in active concert or participation" in an injunction order. *Id.* at 267 (concluding that the record supported the district court's "factual finding" that [the wife] actively participated with [the defendant-husband] in transferring assets fraudulently obtained from Empire."). Indeed, "[n]on-parties, such as [d]efendants' spouses, 'may

6

be subject to [the] court's jurisdiction if, with actual notice of the court's order, they actively aid and abet a party in violating that order.'" *United States v. Barnette*, 129 F.3d 1179, 1185 n.10 (11th Cir. 1997) (quoting *Waffenschmidt v. MacKay*, 763 F.2d 711, 714–17 (5th Cir. 1985)).

Absent clear and convincing evidence that Sandra and Jerry were in active concert or participation in placing the Mustang on the market, Jostens cannot meet its burden. The Court, therefore, cannot hold Sandra in contempt.

## CONCLUSION

It is therefore **ORDERED** that Plaintiff's Emergency Motion for Contempt Against Defendants (Dkt. #106) is **DENIED**.

**IT IS SO ORDERED**.

 **SIGNED this 26th day of May, 2022.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE