# United States District Court

### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| JOSTENS, INC., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| | § | Civil Action No.  4:20-CV-00225 |
| v. | § | |
| | § | Judge Mazzant |
| JERRY DEAN HAMMONS, JR. and | § | |
| SANDRA LOUISE ARNOLD HAMMONS, | § | |
| | § | |
| *Defendants*. | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Jerry Dean Hammons Jr.'s Second Motion to Abate Civil Case Pending Resolution of Criminal Case (Dkt. #115). Having considered the motion and the relevant pleadings, the Court finds the motion should be **DENIED**.

## BACKGROUND

The trial for this matter is set to commence on June 27, 2022. Though the Court previously denied Defendant Jerry Hammons' ("Jerry") first motion to stay the civil case (Dkt. #54), Jerry informs the Court that the status of his criminal proceeding has changed since that denial. Before, there was no active criminal case against Jerry for his alleged crimes; now, Jerry has recently been indicted in Denton County, Texas for a charge of Theft of More Than $30,000 but Less Than $150,000. For this, Defendant urges that a new analysis regarding a stay of the civil case is necessary.

## LEGAL STANDARD

A district court has discretion to stay any case in the interest of justice. *United States v. Kordel*, 397 U.S. 1, 12 n. 27 (1970). However, there is no "general federal constitutional, statutory, or common law rule barring the simultaneous prosecution of separate civil and criminal actions."

*S.E.C. & Exch. Comm'n v. First Fin. Grp. of Tex., Inc.*, 659 F.2d 660, 666 (5th Cir. 1981). In fact, simultaneous prosecutions of civil and criminal actions are "generally unobjectionable." *Standard Sanitary Mfg. Co. v. United States*, 226 U.S. 20, 52 (1912). Though a stay may be appropriate in some cases to avoid prejudicing the defendant, "in others it may be preferable for the civil suit to proceed unstayed." *Campbell v. Eastland*, 307 F.2d 478, 487 (5th Cir. 1962).

A stay is only warranted where "special circumstances" exist to prevent a party from suffering substantial and irreparable prejudice. *United States v. Little Al*, 712 F.2d 133, 136 (5th Cir. 1983). Courts consider six factors to determine if "special circumstances" exist: (1) the overlap between issues in the criminal and civil cases; (2) the status of the criminal case; (3) the interest of the plaintiff to proceed expeditiously and prejudice of a delay to plaintiff; (4) the interest of and burden on the defendant; (5) the interests of the courts; and (6) the public interest. *Alcala v. Tex. Webb Cty.*, 625 F. Supp. 2d 391, 399 (S.D. Tex. 2009) (collecting district court cases within the Fifth Circuit applying this test). The party seeking a stay bears the burden of justifying the delay. *Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 545 (5th Cir. 1983).

## ANALYSIS

For the following reasons, the Court will deny the present motion. Although there is now a newly active criminal case and the issues between the civil and criminal cases overlap, the interest of the parties, the Court, and the public weighs in favor of proceeding with the civil case.

The greatest concern when a defendant faces simultaneous civil and criminal proceedings is the risk of self-incrimination. *Tajonera v. Black Elk Energy Offshore Ops., L.L.C.*, No. 13-0366, 2015 U.S. Dist. LEXIS 163518, at *33 (E.D. La. Dec. 4, 2015). To be sure, Jerry has a great interest in protecting his Fifth Amendment right to avoid self-incrimination. But asserting prejudice "requires more than the mere possibility of prejudice" because depriving claimants of property

without a hearing for an extended time "is an extremely harsh consequence." *In re Ramu Corp.*, 902 F.3d 312, 320 (5th Cir. 1990). In this case, as Plaintiff notes, Jerry's risk of self-incrimination is significantly limited at this point. Discovery has closed, and Jerry elected to invoke his Fifth Amendment rights rather than incriminate himself. The decision has already been made. Accordingly, the risk of prejudice to Jerry should the civil case proceed is minimal at best.

Further, Plaintiff has an interest in finally resolving this dispute. *S.E.C. v. Mutuals.com, Inc.*, No. 3:03-CV-2912-D, 2004 WL 1629929, at *3 (N.D. Tex. July 20, 2004). This case has been pending for over two years and involves actions that allegedly took place as far back as 2017. After years of litigation during which Jerry directly violated this Court's orders on multiple occasions, Plaintiff can finally see the light at the end of the tunnel.

Additionally, this Court has an interest in resolving the dispute between Plaintiff and Defendants. Courts have a "strong interest in moving matters expeditiously through the judicial system." *SEC v. Kiselak Capital Grp., LLC*, No. 4:09–CV–256–A, 2011 WL 4398443, at *4 (N.D. Tex. Sept. 20, 2011). The civil dispute between Jostens and Jerry is nearing its end, but the criminal case against Jerry has only just begun. As Plaintiff contends, because there is no Speedy Trial Act in the Texas state courts, Jerry is effectively "seeking an indefinite stay, which will frustrate resolution of this case for an undefined period of time" (Dkt. #123 at p. 10). The Court has an interest in avoiding further stalling of this matter—especially one that would have no foreseeable resolution.

Finally, "[t]he public has an interest in the just and constitutional resolution of disputes with minimal delay." *Kiselak Capital*, 2011 WL 4398443. Jerry has invoked his Fifth Amendment right to avoid self-incrimination, which will help ensure a just and constitutional civil trial in this

Court. Further, as mentioned, the delay that Jerry seeks is indefinite; there is no way of knowing when the criminal proceedings will conclude. The public has an interest in preventing this delay.

For these reasons, the Court finds that the factors weigh in favor of denying the present motion and going forward with the upcoming civil jury trial.

## CONCLUSION

It is therefore **ORDERED** that Defendant Jerry Dean Hammons Jr.'s Second Motion to Abate Civil Case Pending Resolution of Criminal Case (Dkt. #115) is **DENIED**.

**IT IS SO ORDERED**.

**SIGNED this 10th day of June, 2022.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE