# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| JOSTENS, INC., <br> *Plaintiff*, <br><br> v. <br><br> JERRY DEAN HAMMONS, JR. and <br> SANDRA LOUISE ARNOLD HAMMONS, <br> *Defendants*. | § § § § § § § § § § § § | Civil Action No. 4:20-CV-00225 <br> Judge Mazzant |

## <u>MEMORANDUM OPINION AND ORDER</u>

Pending before the Court is Plaintiff Jostens, Inc.'s Motion for Entry of Final Judgment (Dkt. #155). Having considered the motion and the response, the Court finds it should be **GRANTED as modified**.

### BACKGROUND

On June 29, 2022, a jury returned a verdict in the above styled matter finding for Plaintiff Jostens, Inc. ("Jostens") on all claims. Prior to trial, on April 16, 2020, the Court had granted a preliminary injunction against Defendant Jerry Hammons ("Jerry") (Dkt. #13), but Jostens did not seek to add Defendant Sandra Hammons ("Sandra") to the preliminary injunction until June 7, 2022 (Dkt. #118). On July 1, 2022, the Court granted in part the motion to add Sandra to the preliminary injunction (Dkt. #154), but Sandra had already transferred title of her 1966 Ford Mustang (the "Mustang") to the Wynne & Smith law firm as partial payment for attorneys' fees. On June 30, 2022, the Court ordered Jostens to submit a proposed final judgment, which Jostens filed on July 1, 2022 along with the motion currently before the Court (Dkt. #155). As part of the final judgment, Jostens seeks a constructive trust on many of Jerry and Sandras' assets, including the Mustang. Sandra responded on July 11, 2022 (Dkt. #156).

**LEGAL STANDARD**

"A constructive trust has long been used as a remedy for unjust enrichment obtained from a fiduciary's breach of duty." *Newby v. Enron Corp.*, 188 F. Supp. 2d 684, 703 (S.D. Tex. 2002). Entitlement to a constructive trust stems from a fiduciary relationship existing between the plaintiff and defendant. When a defendant breaches that relationship, justice does not permit him to keep any profit he may have earned as a result. *See Keech v. Sandford*, 25 Eng. Rep. 223 (Ch. 1726). A plaintiff seeking a constructive trust must be able to identify a specific asset or fund of money as belonging "in good conscience to the plaintiff." DOBBS ON REMEDIES § 4.3(2); RESTATEMENT OF RESTITUTION § 160.

Further, "a court of equity has jurisdiction to reach the property either in the hands of the original wrongdoer, or in the hands of any subsequent holder, until a purchaser of it in good faith and without notice acquires a higher right and takes the property relieved from the trust." *Moore v. Crawford*, 130 U.S. 122, 128 (1889) (quoting 2 J. POMEROY, EQUITY JURISPRUDENCE § 1053, pp. 628–629 (1886) (quotation marks omitted)). Because a constructive trust is based on property, as opposed to wrongs, "that a transferee was not 'the original wrongdoer' does not insulate him from liability for restitution." *Harris Tr. & Sav. Bank v. Salomon Smith Barney, Inc.*, 530 U.S. 238, 251 (2000). When property subject to a constructive trust is transferred, the recipient of the property takes title to the property subject to the trust if (1) the recipient does not give consideration for the property or (2) the recipient has notice of the existence of the trust at the time of the transfer. *Binford v. Snyder*, 144 Tex. 134, 138–39 (1945).

**ANALYSIS**

As part of the final judgment, Jostens seeks a constructive trust on all assets deemed "Constructive Trust Assets," which includes the Mustang. Sandra asks this Court to exclude the

Mustang from assets subject to the constructive trust because she did not own the Mustang at the time she was added to the preliminary injunction. Sandra additionally asserts she "should be allowed some sort of allowance to permit her to pay reasonable attorney fees incurred in her defense" (Dkt. #156 at p. 3).

As an initial matter, Sandra has no legal right to an allowance for paying attorneys' fees. In support of her contention, Sandra cites to a Fifth Circuit case that suggested an "allowance must be made to permit [a] defendant to pay reasonable attorneys' fees" prior to a jury verdict. *Fed. Sav. & Loan Ins. Corp. v. Dixon*, 835 F.2d 554, 565 (5th Cir. 1987). In that case, the plaintiff sought a preliminary injunction that would freeze the majority of the defendants' assets. But the defendants needed funds to secure defense counsel. The court reasoned that, because the "suit was brought to establish the defendants' wrongdoing," the court could not "assume the wrongdoing before judgment in order to remove the defendants' ability to defend themselves." *Id.*

Sandra is differently situated. A jury found her liable for knowing participation in breach of a fiduciary duty; Sandra's wrongdoing is no longer up for debate. Further, Jostens no longer has the burden of tracing the source of the constructive trust assets to property stolen from Jostens. Jostens already met this burden when the jury found in its favor. The central issue is whether the Mustang is subject to the constructive trust given the timing of the title's transfer from Sandra to Wynne & Smith.

The Court finds that the Mustang is not, and was never, subject to the constructive trust. First, the creation of the constructive trust occurred when the Court first issued its preliminary injunction against Jerry, freezing transfer of his assets. *Parker v. Ryan*, 960 F.2d 543, 545 (5th Cir. 1992) (explaining a constructive trust is a type of preliminary injunction in that it "purport[s] to control [a party's] behavior over an extended period of time"). As mentioned, Sandra did not

3

become a party to the preliminary injunction until July 1, 2022 (Dkt. #154). Consequently, any assets within Sandra's control did not become subject to any constructive trust until July 1, 2022. At that point, Wynne & Smith had already taken title to the Mustang.

The Court recognizes that the recipient of property subject to a trust takes title subject to that trust if the recipient has actual or constructive notice of the existence of the trust at the time of the transfer. *Binford*, 144 Tex. at 138–39. But the Court need not reach this consideration, as the Mustang was not subject to the constructive trust at the time of the transfer, and, therefore, is not subject to the constructive trust now.

## CONCLUSION

It is therefore **ORDERED** that Plaintiff Jostens, Inc.'s Motion for Entry of Final Judgment (Dkt. #155) is **GRANTED as modified.**

It is further **ORDERED** that the 1966 Ford Mustang bearing VIN 6R07C134907 shall not be included as a Constructive Trust Asset in the Final Judgment.

**IT IS SO ORDERED**.
SIGNED this 4th day of August, 2022.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE